AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>VICTOR MANUEL QUIJIJE-FRANCO,<br>JUAN CARLOS GONZALEZ-ROSALES, and<br>JAIME ROLANDO QUIJIJE-NAPA<br><br>*Defendant(s)* | )<br>)<br>) Case No. 17-6350-SELTZER<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 2, 2017__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

*Being the first place of entry into the United States*

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____ 7368
*Complainant's signature*

Shawn E. Stone, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Sept. 28, 2017__

_____
*Judge's signature*

City and state: __Fort Lauderdale, Florida__    Barry S. Seltzer, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Shawn Stone, being duly sworn, hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent since March 2009. I am assigned to the Assistant Special Agent in Charge, Fort Lauderdale Office in Broward County, Florida. As a Special Agent, I am responsible for investigating violations of federal law relating to immigration and customs enforcement. In my current assignment, I am also responsible for investigations involving the importation and distribution of controlled substances and the possession and concealment of such controlled substances. I have received specialized training in narcotics related investigations. I have been involved in the execution and planning of narcotics related arrests for over thirteen years, including in my current position with HSI for the last eight years. Prior to my employment as a Special Agent, I was employed with the Broward Sheriff's Office as a Deputy Sheriff for approximately six years.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to establish that Victor Manuel QUIJIJE-Franco, Juan Carlos GONZALEZ-Rosales, and Jaime Rolando QUIJIJE-Napa, violated Title 46, United State Code, Sections 70503(a) (1) and 70506(b), that is, knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

4. As this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation. However, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

5. On or about September 2, 2017, while on routine patrol, a Marine Patrol Aircraft (MPA) detected a go-fast vessel (GFV) in the Eastern Pacific Ocean approximately 315 nautical miles south of Guatemala. The United States Coast Guard Cutter (USCGC) JAMES was advised and diverted for interception of the suspect GFV. Once within range, USCGC JAMES launched their helicopter and two Over-The-Horizon (OTH) vessel's for intercept. The GFV became dead in the water with no use of force employed.

6. The GFV [vessel] was described to have one yellow, blue, and red star on the port and starboard bow with corresponding lightning bolts of the same color underneath. Additional markings on the GFV [vessel] were observed and described as "Tele number 257-886, COFIBRA COCCA". There was no master or claim of nationality for the GFV. Based upon the markings and the last port of call being Ecuador, the United States contacted the Ecuadorian government to determine the GFV's nationality. Following the interdiction, the Ecuadorian government could neither confirm nor deny the nationality of the GFV. Pursuant to these findings, the GFV was treated as a vessel without nationality.

2

7. The USCGC JAMES subsequently requested and was granted boarding of the GFV to compel compliance pursuant to international law. A boarding of the GFV revealed three (3) persons on board all claiming Ecuadorian nationality. During the boarding, officers confirmed the name of GFV as "La Divina." The master of the vessel was determined to be Victor Manuel QUIJIJE-FRANCO, a citizen of Ecuador. The othere crewmembers were identified as Juan Carlos GONZALEZ-Rosales and Jaime Rolando QUIJIJE-NAPA also citizens of Ecuador.

8. A search of the vessel yielded multiple packages onboard that field tested positive for the presence of cocaine and totaled approximately 467 kilograms.

9. The boarding team also recovered one (1) handheld Garmin 72h GPS device and five (5) "SPOT" GPS tracking devices. The GFV La Divina was sunk as a navigational hazard.

10. CG records revealed that after their original detention on September 2, 2017, the detainees were transferred to USCGC STRATTON on September 4, 2017 and returned to the USCGC JAMES on September 9, 2017. On September 23, 2017, the USCGC JAMES transferred the detainees to USCGC VALIENT who transferred custody of the three (3) crew members, Victor Manuel QUIJIJE-Franco, Juan Carlos GONZALEZ-Rosales, and Jaime Rolando QUIJIJE-Napa, to the custody of Fort Lauderdale Homeland Security (HSI) Special Agents at Port Everglades in the Southern District of Florida on September 27, 2017.

11. On September 27, 2017, all three defendants waived their *Miranda* rights and agreed to speak with HSI agents without attorneys present and were questioned separately. All three (3) defendants admitted that they knew they were transporting narcotics from Ecuador to a destination provided on the GPS device by members of a drug trafficking organization (DTO). They were recruited to transport the drugs by members of the DTO and were paid $2,000 before departure and

3

were to be paid an additional undetermined amount of money, if successful.

12. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that Victor Manuel QUIJIJE-Franco, Juan Carlos GONZALEZ-Rosales, and Jaime Rolando QUIJIJE-Napa knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States in violation of Title 46, United State Code, Sections 70503(a) (1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT,

_____  7368
SHAWN E. STONE, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
28th day of September, 2017.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 17-6350-SELTZER

## BOND RECOMMENDATION

DEFENDANT: VICTOR MANUEL QUIJIJE-FRANCO

Pre-Trial Detention (Detainer)
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _/s/ Scott H. Behnke_
AUSA: SCOTT H. BEHNKE

Last Known Address: UKN

What Facility:

Agent(s): S/A Shawn Stone, HSI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
Department of Homeland Security

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 17-6350-SELTZER

### BOND RECOMMENDATION

DEFENDANT: JUAN CARLOS GONZALEZ-ROSALES

Pre-Trial Detention  (Detainer)
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: SCOTT H. BEHNKE

Last Known Address: UKN

What Facility:

Agent(s): S/A Shawn Stone, HSI
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
Department of Homeland Security

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 17-6350-SELTZER

## BOND RECOMMENDATION

DEFENDANT: JAIME ROLANDO QUIJIJE-NAPA

Pre-Trial Detention  (Detainer)
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   SCOTT H. BEHNKE

Last Known Address: UKN

What Facility:

Agent(s):   S/A  Shawn Stone, HSI
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Department of Homeland Security